■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT AYALA, Appellant.—Judgment, Supreme Court, New York County (Allen G. Alpert, J.), rendered June 29, 1989, convicting defendant, upon his plea of guilty, of burglary in the second degree and sentencing him, as a predicate felony offender, to an indeterminate term of from four to eight years imprisonment, unanimously modified, on the law, to the extent of reducing the sentence imposed to an indeterminate term of from three to nine years imprisonment and otherwise affirmed.

As conceded by the People, the sentencing court was errone-

ously advised that defendant had previously been convicted in New Jersey for possession of a controlled substance with intent to distribute and that conviction was the basis for the court's finding that defendant was a predicate felony offender and its imposition of an enhanced sentence. It appears, however, from the New Jersey judgment of conviction that, in return for defendant's plea of guilty to the lesser crime of unlawful possession of controlled dangerous substances in satisfaction of the two count indictment, the charge of possession with intent to distribute was dismissed and, therefore, could not serve as the basis for defendant's sentencing as a predicate felony offender. The People further state that since they are unable to prove that defendant possessed an amount of the controlled substance sufficient to constitute a felony in New York, that conviction is also insufficient to serve as the basis for predicate felony treatment. Inasmuch as the court stated that it would impose a three to nine year sentence if defendant was not found to be a predicate felony offender, we reduce his sentence accordingly. Concur—Sullivan, J. P., Rosenberger, Kupferman, Asch and Kassal, JJ.